## Jacob W. LILLY v. VERMONT HEADMASTERS ASSOCIATION, INC.

[648 A.2d 810]

No. 92-662

January 28, 1993. Vermont Headmasters Association (VHA) appeals an order of the Windham Superior Court that enjoined the VHA's decision to deny appellee Jacob Lilly's eligibility to play ice hockey in VHA-sanctioned events. The court's order rejected the VHA's interpretation of its own eligibility rules. We reverse.

Appellee is in his senior year at Brattleboro High School. He spent his first three years of high school in the United States, and then spent a year as an exchange student in Finland. There he lived with a family and attended school "as a regular class member," but chose not to receive academic credit for the school year. While in Finland, Lilly played ice hockey on an organized team that had a comparable game season to that of the teams authorized by the VHA. Lilly then returned to complete his final year of high school in Brattleboro, and there he began preparing to participate as a member of the newly formed Brattleboro ice hockey team.

Prior to the start of the hockey season, Lilly was advised that he would be ineligible to participate on the team because the VHA prohibited participation by students who have already completed "four (4) consecutive years or eight (8) semesters" of high school. Lilly appealed to

the Activities Standards Committee of the VHA, which denied his request for a waiver of the rules because it found the year abroad to have been a result of Lilly's voluntary choice and not an interruption of study due to hardship. Lilly appealed to the VHA Board of Appeals, which heard the appeal and issued its decision on December 21, 1992 detailing its reasons for denying it.

Lilly requested preliminary and permanent injunctive relief from the Windham Superior Court on December 23, 1992. The matter was heard the following day, and on December 28, 1992, injunctive relief was granted in favor of Lilly on the ground that the VHA had misinterpreted its own rule. The VHA requested a stay of the court's order from this Court, which granted a temporary stay until a decision was reached on the merits. To that end, the matter was heard on the merits by this Court on January 13, 1993.

The present appeal turns on the determination of whether the VHA has the final say as to the interpretation of its own rules, or if the court is authorized to override the VHA in interpreting a rule in a manner contrary to that expressly stated by the VHA itself.* The rule in question, Article II, § 3.G. of the VHA Bylaws, provides that "[s]tudents have four (4) consecutive years or eight (8) semesters of eligibility for participation in school activities. Attendance of thirty (30) school days of any semester shall be regarded as a semester." The language in dispute

concerns whether "consecutive" was meant to apply to the eight semesters as well as the four years, or if the eight semesters option allows for the interruption of study while still retaining eligibility.

The VHA rule was designed to prevent "red-shirting," the practice of interrupting the usual four-year progression of secondary education and then returning to school without a loss of eligibility despite the student's having grown, matured, and often continued training during the hiatus. The VHA's Board of Appeals decision held that interpreting the language of the rule to allow for the interruption of study without losing eligibility would defeat the exact purpose for which the rule was written, and would effectively institutionalize the practice of red-shirting instead of eradicating it. The appeals board further held that to interpret the "or eight semesters" clause without limitation as to interruptions would render the "four consecutive years" requirement meaningless.

The trial court held that the language of the rule was unambiguous and was clearly intended to allow for disruption of study, otherwise the word "consecutive" would precede "eight semesters" as well. The court found that VHA was trying to "use the interpretation process to change a rule that is not in need of interpretation" and stated that such change is more properly made by amendment of the bylaws and not at the expense of a student who relied to his detriment on the clear language as written. We disagree with the

* During the course of the present appeal, the issue was raised as to whether action taken by the Vermont Headmasters Association constitutes governmental action, thus making decisions of the VHA reviewable under Rule 75. As this jurisdictional matter was not raised below, we will not reach it on appeal.

court's substitution of its own interpretation of the rule for that of the VHA where the rule in question was reasonable and related to a goal that the court itself found to be unchallenged.

Even if the rule in question admits of two interpretations, the VHA, as an educational association entrusted with the regulation of extracurricular activities, is entitled to interpret its rule as it sees fit. As long as the rule and its interpretation are both reasonable and not arbitrary or capricious, the court should not substitute its own interpretation for that of the body enacting the rule. See *Art Gaines Baseball Camp, Inc. v. Houston,* 500 S.W.2d 735, 740–41 (Mo. Ct. App. 1973) ("A court should not interfere with the enactment of [an interscholastic athletic association's] regulations as long as they are reasonable and do not infringe on public policy or law."). Courts have long recognized that judicial interference with educational decisions made by teachers, administrators, and educational associations should occur only in extraordinary circumstances. See *Board of Education v. McCluskey,* 458 U.S. 966, 970 (1982) (courts defer to the decisions of scholastic associations in the absence of constitutional violations); *Goss v. Lopez,* 419 U.S. 565, 578 (1975); *Swann v. Charlotte-Mecklenburg Board of Education,* 402 U.S. 1, 16 (1971); *Epperson v. Arkansas,* 393 U.S. 97, 104 (1968); see also *Wood v. Strickland,* 420 U.S. 308, 326 (1975) ("The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members, and § 1983 was not intended to be a vehicle for federal-court corrections of errors . . . which do not rise to the level of violations of specific constitutional guarantees."). Therefore, as there was no showing of a constitutional violation, we uphold the interpretation of the VHA of its own rule as reasonable and related to its goal of preventing what the trial court found to be an undesirable practice.

We therefore vacate the order of the trial court and reinstate the decision of the VHA, dated December 21, 1992, which affirmed the decision of the Activities Standards Committee of the VHA finding appellee Lilly to be ineligible to participate on Brattleboro High School's ice hockey team.

*The order of the Windham Superior Court is vacated; the December 21, 1992 decision of the Vermont Headmasters Association is reinstated.*

**Allen, C.J.,** concurring. I concur in the result because the plaintiff has completed a total of eight semesters of secondary education and is barred from participating by the plain reading of the rule. According to findings of the Board of Appeals,** the plaintiff spent the 1991–92 school year as a student in Lahden Yhteiskoulu, a school comparable to an American secondary school. He was a full-time student and attended as a regular class member "with all of the responsibilities and benefits which that en-

---

** So far as I can determine, no testimony was taken and the trial court relied upon the findings of the Board, the allegations in the verified complaint, and affidavits offered in opposition to the allegations. The lack of an adequate record is one of several reasons why this Court should not attempt to resolve such matters on an expedited basis.

tails." The VHA rule defines a "semester" of eligibility as

> Attendance of thirty (30) school days of any semester shall be regarded as a semester. Attendance is defined as being included in the official roll and attendance records of the school and not presence in the class.

A semester is defined as a period or term of time constituting one half of academic year. 14 The Oxford English Dictionary 944 (1989). Plaintiff's attendance at school in Finland for the full 1991–92 school year brings him within the eligibility definition for two semesters, which, added to the six already completed, precludes eligibility for participation without the need for any interpretation of the rule.